Judge Owsley
delivered the opinion of the court.
This is a writ of error, brought by Hart to reverse a judgment rendered against him in an action of covenant brought by Smith in the circuit court, upon the following writing, viz:—“I have rented to Joseph Smith, my farm, “in Fayette county, (now occupied by Wm. M'Clane) for “the year 1817. He is to take possession the 25th of De-"cember, next, and for which the said Smith has given me “his obligation for the rent. Given under my hand this “26th day of July, 1816 ”
“NATHAN’L. HART.”
The declaration of Smith sets out the writing in hœe verba; and avers that confiding in the covenant so made with him on the part of Hart, he did, on the 25th day of December, next ensuing the date thereof, at much trouble and expense, remove to the said tenement, in the said covenant described and took possession thereof with an intent to occupy *302 the same, for and during the said term; and for breach alledges that the said Hart on the day of before the expiration of the said term, did turn out, and amove or cause to be turned out and amoved him, the said Smith from the said tenement to his great damage, &c.
If a judgment be rendered on a declaration containing substantially a good cause of action, it will not be reversed because of informality.
The acts of a pl’tf cannot be given in evidence against a deft with intent to shew that deft had broken his covenant.
An issue was made up to the plea of covenants performmed and verdict and judgment obtained by Smith.
The assignment of errors questions the sufficiency of the declaration, and controverts the corectness of the decision of the circuit court, in overruling Hart’s objection taken to the admission of evidence introduced by Smith.
The declaration is certainly very inartificially drawn; but we suppose it contains substantially a good cause of action. The expression have rented, contained in the covenant, in a popular acceptation is equivalent to the expressions demised, granted and to farm let, and upon those latter words covenant, has been held to lie against the lessor for an entry by him upon the demised premises. 1 Esp. Ness. P. American Ed. 2 part, 150 Cro. Eliz. 214.
It would have been more technical to have declared upon the covenant, according to its legal import, instead of setting out the covenant in hœc verba, but as by the covenant set forth, the law implies an undertaking on the part of Hart net to enter and dispossess Smith of the demised premises, during the continuance of the term, and as Hart is alledged to have broken the covenant, by entering and amoving Smith therefrom, the declaration though not strictly formal, contains a good cause of action.
But with respect to the evidence, objected to by Hart, we are of opinion that it abould not have been permitted to go to the jury.
It appears that after a decree had been rendered by the Fayette circuit court in favor of a man by the name of Brand for the land, in a contest between him and Hart, and before Smith’s lease had expired, Smith exhibited a petition stating among other things the execution of the lease to him by Hart, and that he was informed that Hart had applied to and obtained from the court, an order for a writ of possession to dispossess him, Smith, of the land, and praying that the writ of possession might be staid until the expiration of his term. The petition containing these suggestions and thus exhibited by Smith, was introduced by him and although objected to by Hart, was permitted to go in evidence to the jury, on the trial of this cause, in the cir *303 cuit court, for the purpose, as the court certify, of shewing that Smith had used all means within his power of retaining the possesion of the land.
Wickliffe for plaintiff, Haggin for defendant in error.
The principle is not, however perceived, upon which the admission of Smith’s petition, as evidence can be sustained.
From the import of Hart’s covenant, it was no doubt competent for Smith to introduce any evidence calculated to shew that he had been dispossessed of the land either by Hart or any other acting under agency from him, but the petition of Smith cannot be admitted to contain any evidence conducing to shew that he was so dispossessed. It contains nothing but Smith’s own statements and to allow it competent to prove he had been dispossessed through the agency of Hart would be permitting Smith to make evidence for himself, and in violation of a well settled rule of evidence. And if Smith, as is alledged in the breach of covenant, assigned in the declaration, was dispossessed by Hart, it cannot be material, whether or not by the exhibition of his petition to the Fayette circuit court, he opposed the emanation of a writ of possession. Without having exhibited that petition, the covenant would, nevertheless, have been broken, and by adopting that mode of opposition, the damages, which he would otherwise have been entitled to recover, cannot have been thereby diminished or increased.
Considered, therefore, as evidence, conducing to prove a breach of the covenant, the petition was clearly incompetent, and considered as being barely designed to shew the opposition of Smith to the emanation of a writ of possession between Hart and Brand, it was certainly immaterial and irrelevant to the issue between the parties, and consequently in either point of view should not have been permitted to go to the jury.
Because, therefore, the petition of Smith was admitted in evidence, the judgment must be reversed with costs, the cause remanded and further proceedings had, not inconsistent with this opinion.